OPINION
{¶ 1} Defendant-appellant, James A. Meredith, appeals his conviction in the Warren County Court of Common Pleas, and his classification as a sexually-oriented offender. For the following reasons, we affirm appellant's conviction and classification.
 {¶ 2} Appellant was indicted on 18 counts of gross sexual imposition in violation of R.C. 2907.05 for giving his minor daughter massages. Appellant's daughter, R.M., testified that, beginning when she was 12 years old, appellant would give her massages that lasted up to 40 minutes in duration, and as frequently as up to four times per week. R.M. explained that while lying in her bed, on her stomach, appellant would remove her pants and underwear and rub her back, buttocks, and thighs. R.M. further testified that after she turned 13 years old, appellant would also roll her on to her back, pull up her shirt and rub her chest around her breasts. R.M. also stated that appellant would often spread her legs and rub the inside of her thighs, focusing on her "private areas."
 {¶ 3} After a jury trial, appellant was acquitted on the gross sexual imposition charges, but was convicted on 13 counts of the lesser included offense of sexual imposition in violation of R.C. 2907.06(A)(4). The trial court also found appellant to be a sexually-oriented offender pursuant to 2950.01, and ordered him to register as a sex offender, pursuant to R.C. 2950.04. Appellant appeals the trial court's decision, raising three assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "The trial court erred to the prejudice of appellant by excluding from trial the proffered expert testimony of Dr. Joseph J. Plaud."
 {¶ 6} Appellant argues that the trial court erred as a matter of law when it excluded the expert testimony of a clinical psychologist and behavior analyst, Dr. Joseph Plaud. Appellant maintains that Dr. Plaud's testimony is admissible to show that appellant's act of touching his daughter was not for the purpose of sexual arousal or gratification.
 {¶ 7} As a preliminary matter, we note that the admission or exclusion of evidence is a matter committed to the sound discretion of the trial court. State v. Allen, 73 Ohio St.3d 626, 633, 1995-Ohio-283. Absent an abuse of discretion, this court will not reverse the trial court's decision to exclude relevant evidence. State v. Maurer (1984),15 Ohio St.3d 239, 265. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable, and not simply an error of law or judgment. State v. Bresson (1990), 51 Ohio St.3d 123, 129.
 {¶ 8} Appellant was convicted of sexual imposition in violation of R.C. 2907.06(A)(4). R.C. 2907.06 provides that:
 {¶ 9} "(A) No person shall have sexual contact with another, not the spouse of the offender; [or] cause another, not the spouse of the offender, to have sexual contact with the offender; * * * when any of the following applies:
 {¶ 10} "* * *
 {¶ 11} "(4) The other person * * * is thirteen years of age or older, but less than sixteen years of age, whether or not the offender knows the age of such person, and the offender is at least eighteen years of age and four or more years older than such other person."
 {¶ 12} According to R.C. 2907.01(B), "`[s]exual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."
 {¶ 13} While the purpose of sexual arousal or gratification is an essential element of the offense of gross sexual imposition and sexual imposition, there is no requirement that there be direct testimony regarding sexual arousal or gratification. See In re D.S., Warren App. Nos. CA2004-04-036 and CA2004-04-046, 2005-Ohio-1803, ¶ 19, citing In reAnderson (1996), 116 Ohio App.3d 441, 444. Whether the touching was performed for the purpose of sexual arousal or gratification is a question of fact to be inferred from the type, nature, and circumstances of the contact. Anderson at 443-444; State v. Mundy (1994), 99 Ohio App.3d 275,289. In determining the defendant's purpose, the trier of fact may infer what the defendant's motivation was in making the physical contact with the victim. Id.; State v. Cobb (1991), 81 Ohio App.3d 179.
 {¶ 14} Appellant argues that in determining his purpose in making physical contact with the victim, the jury was entitled to also consider his personality. In support of this argument, appellant points to Mundy,
where the court stated: "[i]n making its decision [regarding the defendant's purpose] the trier of fact may consider the type, nature and circumstances of the contact, along with the personality of thedefendant." (Emphasis added.) Mundy, 99 Ohio App.3d at 289, quotingCobb, 81 Ohio App.3d at 185.
 {¶ 15} At trial, appellant attempted to call as an expert witness Dr. Plaud. According to the record, if Dr. Plaud were permitted to testify before the jury, he would have explained that he completed an evaluation of appellant's "psychological personality and sexual function" and concluded that appellant has a "normal, healthy sexual attraction to adult females, and not to children or vulnerable adult women." Appellant maintains that Dr. Plaud's proffered testimony was not for the purpose of demonstrating appellant's lack of criminal intent or purpose, which is prohibited. See State v. Huffman (1936), 131 Ohio St. 27, paragraph four of the syllabus, ("[t]he intent of an accused person dwells in his mind. Not being ascertainable by the exercise of any or all of the senses, it can never be proved by the direct testimony of a third person, and it need not be. It must be gathered from the surrounding facts and circumstances under proper instructions from the court.")
 {¶ 16} In refusing to permit Dr. Plaud to testify before the jury, the trial court reasoned, "[* * * I find that while Dr. Plaud certainly has impeccable credentials, [his testimony] invades the province of the jury * * *. I think that a jury can determine for itself, what the purpose in touching, if they believe that touching occurred, was, without the benefit of a doctor coming in to testify as to what one intends when one touches another person in an erogenous area. [It] is certainly within the capacity of the average juror * * * to determine whether or not this was done for the purpose of sexually arousing or gratifying either person."
 {¶ 17} Evid.R. 702, which governs the admissibility of expert testimony, allows expert testimony in the form of an opinion. However, the expert's testimony must concern a matter outside the competence of the jury to know and properly determine, and it must provide the jury with some means of determination not otherwise available to it. State v.Smith (1992), 84 Ohio App.3d 647, 659. Moreover, the trial court is granted broad discretion to admit or exclude such testimony. Id.
 {¶ 18} We find that the trial court's stated reasoning for excluding Dr. Plaud's testimony does not amount to an abuse of its discretion. According to Mundy, the defendant's personality may be one factor a jury can consider, in considering the type, nature, and circumstances of the physical contact. Mundy, 99 Ohio App.3d at 288. However, neither Mundy,
nor any other case appellant cites in support of its argument, involve an expert testifying on behalf of the defendant as to the defendant's personality.
 {¶ 19} Mundy does provide that the essential question is, "* * * would an ordinary, prudent person or a reasonable person sitting as a juror perceive from the defendant's actions, and all of the surrounding facts and circumstances, that the defendant's purpose or specific intention was arousal or gratification of sexual desire." (Emphasis sic.) Id. at 289.
 {¶ 20} At trial, appellant testified, "I would give [my daughter] a full body massage and * * * I would start at her head, and then her shoulders and her arms and work down her back to her lower back and down to her hips and her buttocks. I would move her pajama bottoms down to massage her buttocks and move them back up and then I would continue down to her feet and pull her pajama leg up and do her calves and her thighs."
 {¶ 21} Also the trial court admitted evidence of an e-mail message appellant sent to his wife after he became aware that his daughter had told his wife about the massages. At trial, appellant admitted to sending the e-mail, which stated, "[t]o [R.M.], you, [and the rest of the family] I am very sorry. What seemed so innocent (rubbing her back) led to rubbing her bottom as well. * * * My thinking was fleshly and I was wrong."
 {¶ 22} We find that the facts of appellant's behavior were well within the capacity of the jury to understand, as are the conclusions to be drawn from that behavior. From those facts, the jury could properly determine, without the aid of an expert, the purpose of appellant's actions. Appellant's first assignment of error is overruled.
 {¶ 23} Assignment of Error No. 2:
 {¶ 24} "The trial court erred to the prejudice of appellant by excluding from trial the proffered testimony of josh meredith."
 {¶ 25} Appellant argues that the trial court abused its discretion in excluding appellant's son, Josh Meredith, from testifying after the witness violated an order for the separation of witnesses. Appellant maintains that he did not encourage his son to violate the order, and that his counsel instructed his son to stay out of the courtroom. Appellant claims that his son's testimony is extremely important to his defense, and that exclusion of his testimony is prejudicial error.
 {¶ 26} Again, we note that the admission or exclusion of evidence is a matter committed to the sound discretion of the trial court. Allen,73 Ohio St.3d at 633. Absent an abuse of discretion, this court will not reverse the trial court's decision to exclude relevant evidence. Maurer,15 Ohio St.3d at 265. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable, and not simply an error of law or judgment. Bresson, 51 Ohio St.3d at 129.
 {¶ 27} In State v. Cox (1975), 42 Ohio St.2d 200, the Ohio Supreme Court held that in a criminal case where a witness's disobedience of an order for a separation of witnesses is not by procurement or connivance of the party calling him, a trial court may not use such disobedience as the basis for its refusal to permit the witness to testify. In State v.Smith (1990), 49 Ohio St.3d 137, 142, the court reiterated its holding inCox, and stated, "the testimony sought to be introduced must be important to the defense such that exclusion of the evidence constitutes prejudicial error."
 {¶ 28} At trial, when appellant's counsel called Josh Meredith as a witness, the state objected to allowing him to testify, arguing that he was in the courtroom during the testimony of other witnesses. Josh testified that he was in the courtroom when his mother, grandmother, and uncle testified. After this admission, the trial court stated: "The entire purpose of separating witnesses is so that they cannot shade their testimony to fit the testimony of other witnesses and this is a clear violation. [Appellant's counsel] told this witness to stay out of the courtroom. The witness ignored the order and I am excluding him from testifying."
 {¶ 29} In explaining to the jury its decision to exclude Josh's testimony, the trial court stated: "Ladies and Gentlemen, I have determined not to permit Josh Meredith to testify. I had ordered that all of the witnesses stay out of the courtroom, so that they did not hear the testimony of the other witnesses. The attorneys on both sides, the prosecution and the defense, made that clear to both witnesses. He violated my order and I have decided as a sanction that he cannot testify in this matter. So, you will not be able to consider his testimony, but you should not hold that against any of the attorneys. It's not their fault. He's the one that simply didn't follow the instructions. And, as a result he will not be testifying."
 {¶ 30} After reviewing the record, we find that the trial court erred in excluding Josh Meredith from testifying. Nothing in the record indicates that appellant or his counsel encouraged Josh to be in the courtroom or that they even knew of his presence. In fact, the trial court even stated on the record that Josh's presence was not the fault of either attorney.
 {¶ 31} Moreover, the trial court's stated reason for excluding Josh from testifying is inappropriate. As the Ohio Supreme Court stated inCox, 42 Ohio St.2d at 202, "the disobedience of an order for separation should not be rectified by denying possible relevant testimony, but by use of the court's power to punish for contempt." In addition, the court may permit the violation of the separation order to reflect on the witness's credibility. State v. Franklin (1991), 62 Ohio St.3d 118, 127. However, a trial court may not punish a witness who has disobeyed a separation order without procurement on connivance by the party calling him, by excluding his testimony.
 {¶ 32} Although the trial court erred in refusing to permit Josh to testify, we find such error to be harmless, as his testimony would not have been important to the determination as to appellant's purpose in touching the victim. See Smith, 49 Ohio St.3d at 142-143. A harmless error is "[a]ny error, defect, irregularity, or variance which does not affect substantial rights * * *." Crim.R. 52(A).
 {¶ 33} According to the record, Josh would have testified as to the nature of an argument between appellant and the victim. Appellant argues that this alleged argument may have given the victim motive to make accusations against him. Also, the record indicates that Josh's testimony would have contradicted some of the victim's testimony.
 {¶ 34} However, as stated above, appellant admitted at trial that he massaged his daughter's buttocks and thighs, which are by definition, erogenous zones. See R.C. 2907.01(B). Appellant does not dispute that the touching actually occurred; rather, appellant argues that the touching was not for the purpose of sexually arousing or gratifying either person. Josh's proffered testimony does not concern the disputed criminal element of appellant's purpose in touching his daughter, and as previously discussed, the jury can properly infer from appellant's conduct what his purpose was in massaging his daughter's buttocks and things. Accordingly, we conclude the trial court's error in refusing to permit Josh to testify was not prejudicial. Appellant's second assignment of error is overruled.
 {¶ 35} Assignment of Error No. 3:
 {¶ 36} "The trial court erred to the prejudice of appellant by ordering him to register as a sexual offender."
 {¶ 37} Appellant argues that because he was convicted of a sexually-oriented offense, but not classified as a sexual predator or a habitual sex offender, it is unconstitutional to order him to register as a sex offender. We disagree.
 {¶ 38} In this matter, the trial court classified appellant as a sexually-oriented offender. A sexually-oriented offender is a person who has committed a sexually-oriented offense as defined in R.C. 2950.01(D), but who does not meet the definition of either a habitual sex offender or a sexual predator. See State v. Williams 88 Ohio St.3d 513, 519,2000-Ohio-428. According to R.C. 2950.01-(D)(1), a person 18 years of age or older who commits sexual imposition in violation of 2907.06(A)(4) when the victim is under 18 years of age has committed a sexually-oriented offense.
 {¶ 39} R.C. Chapter 2950 requires sexually-oriented offenders who have not been adjudicated sexual predators or habitual sexual offenders to register and to annually verify their whereabouts with the sheriff in the county in which they reside for a period of ten years. See R.C. 2950.04;2950.06(B)(2); and 2950.07(B)(3). Further, sexual imposition, where the offender is an adult and the victim is a minor, is not a registration-exempt, sexually-oriented offense. See R.C. 2950.01(D)(1)(a); R.C. 2950.01(P); R.C. 2950.01(Q).
 {¶ 40} Appellant, following the First Appellate District's holding inState v. Anthony, Hamilton App. No. C-030510, 2004-Ohio-3894, argues that an offender convicted of a sexually-oriented offense and not adjudicated as a sexual predator or habitual sex offender may not be ordered to register as a sexual offender, because the registration requirement statutes are unconstitutional as applied to sexually-oriented offenders. However, in his reply brief, appellant concedes that in State v. Cooper,
Hamilton App. No. C-030921, 2004-Ohio-6428, the First Appellate District overruled this holding. In Cooper, Hamilton App. No. C-030921, ¶ 21, the court held that, "* * * once an individual is convicted of a sexually oriented offense, he is automatically classified as a sexually oriented offender and, as long as there is evidence of sexual motivation, he must comply with the registration requirements of R.C. 2950.04 through [2950.07]." (Citations omitted.)
 {¶ 41} We agree with the First Appellate District's holding inCooper. As the court stated, "* * * the Ohio Supreme Court [has] repeatedly held that non-punitive measures such as registration are civil in nature and pass constitutional muster as a rational exercise of the state's police powers." Cooper at ¶ 16, citing State v. Cook,83 Ohio St.3d 404, 1998-Ohio-291, (the language in R.C. Chapter 2950 reveals that the General Assembly's purpose is to "promote public safety and bolster the public's confidence in Ohio's criminal * * * systems").State v. Williams, 88 Ohio St.3d 534, 2000-Ohio-428, (holding that the registration requirements pursuant to R.C. Chapter 2950 do not violate the Equal Protection Clauses of the United States and Ohio Constitutions, and that "* * * there is nothing in R.C. Chapter 2950 that infringes upon any fundamental right of privacy or any other fundamental constitutional right that ahs been recognized by the United States Supreme Court"). Accordingly, we hold that the trial court did not err in ordering appellant to register as a sexual offender pursuant to R.C. Chapter 2950, as the registration requirements are not unconstitutional as applied to sexually-oriented offenders. Appellant's third assignment of error is overruled.
 {¶ 42} Judgment affirmed.
Walsh, P.J., and Young, J., concur.