OPINION
{¶ 1} Defendant-appellant, Matthew C. Sprauer, appeals his conviction in the Warren County Court of Common Pleas for rape and gross sexual imposition. For the reasons outlined below, we affirm the decision of the trial court.
 {¶ 2} The events that brought about the indictment involved allegations that appellant molested a young child. In July 2004, appellant visited the residence of his ex-fiancée, Shirley W., to assist with a barn sale while she was sick in bed. Shirley's five-year-old daughter, E.S., accompanied appellant during the sale. At this time, appellant sexually abused E.S. He performed oral sex on the child, had her perform oral sex on him, and had her masturbate him. He also encouraged E.S. to taste his semen, insisting that "all the teenage girls like it." After the barn sale ended, appellant and E.S. returned to the house and E.S. took a bath. Although appellant swore her to secrecy, E.S. confessed the molestation to her mother later that night. Shirley confronted appellant and called the police. Appellant denied the accusations and left the house. A rape kit examination conducted at a hospital the next day yielded no physical evidence of the assault, which the state attributed to the fact that E.S. had bathed immediately after her contact with appellant.
 {¶ 3} On August 9, 2004, appellant was indicted on four counts of rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree, and two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree. After a jury trial, appellant was convicted on one count of rape and one count of gross sexual imposition, both for conduct occurring on July 31, 2004. On February 15, 2005, the court sentenced appellant to life in prison on the rape charge and three years imprisonment on the gross sexual imposition charge, to run concurrently with the life sentence. Appellant timely filed a notice of appeal, raising three assignments of error which we will address in turn.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT ERRED IN (A) PERMITTING AMENDMENT OF THE BILL OF PARTICULARS DURING THE DEFENSE CASE, (B) FORBIDDING COUNSEL TO ARGUE THE DISCREPANCY BETWEEN THE ORIGINAL BILL OF PARTICULARS AND THE TRIAL TESTIMONY, (C) DECLARING THE FIVE-YEAR-OLD CHILD COMPETENT TO TESTIFY DESPITE HER INABILITY TO ACCURATELY RELATE THE MOST BASIC FACTS ABOUT HERSELF, AND (D) PRECLUDING THE DEFENSE EXPERT FROM TESTIFYING AS TO APPELLANT'S SEXUAL ORIENTATION."
 {¶ 6} Appellant raises two sub-issues under his first assignment of error relating to the bill of particulars. Before trial, the state provided the defense with a bill of particulars setting forth in Counts 1 and 2 that "[o]n or about July 30, 2004 after approximately 2:00 p.m. until 7:00 p.m. [the alleged offenses occurred]," with respect to Counts 3 through 6, the bill stated that "[o]n July 31, 2004 after approximately 2:00 p.m. to 8:00 p.m. [the alleged offenses occurred]." During the course of the trial, after examination of five defense witnesses, the court granted the state's motion to amend the bill of particulars with respect to the July 31 allegations only. The amended bill coincided with trial testimony and reflected that the offenses on July 31 occurred as early as 10:00 a.m. As stated, appellant was convicted on two of the six counts, both of which involved offenses occurring on July 31, and was not convicted of any offenses alleged to have occurred on July 30.
 {¶ 7} Upon the state's motion to amend the bill of particulars, the defense notified the court that it would discuss the discrepancy between the original bill and trial testimony in its closing argument to question the notice provided regarding the crimes committed. The court disallowed this part of the argument, reasoning that the defense was on notice through the evidence in the case. Appellant contends that the trial court improperly permitted the state to amend the bill of particulars and erred in precluding the defense from addressing the discrepancy between the original bill and trial testimony.
 {¶ 8} Both R.C. 2941.30 and Crim.R. 7(D) provide that the trial court may amend a bill of particulars "at any time before, during, or after a trial" so long as "no change is made in the name or identity of the crime charged." A defendant is entitled to a reasonable continuance upon amendment of a bill of particulars "unless it clearly appears * * * that the defendant has not been misled or prejudiced by the defect or variance * * * or that the defendant's rights will be fully protected by proceeding with the trial * * *." R.C. 2941.30. We need not review the propriety of a continuance in the case at bar, however, due to the fact that defense counsel did not move for a continuance upon amendment of the bill.
 {¶ 9} Appellant was not prejudiced by the amendment of the bill of particulars for a number of reasons. The amended bill had no impact on the charges involving July 30 because the alteration extended the timeframe as to July 31 only. Furthermore, appellant was not convicted on the counts that allegedly occurred on July 30. Appellant did not suffer prejudice due to the amendment as to the July 31 charges because times are not typically regarded as part of the substance of a bill of particulars unless the nature of the offense dictates that precise dates and times are vital. See State v. Sellards (1982), 17 Ohio St.3d 169, 171, citingTesca v. State (1923), 108 Ohio St. 287, paragraph one of the syllabus. Because the crimes of rape and gross sexual imposition in Ohio do not specify that dates or times are of the essence, the state's amendment of the bill did not alter its substance. See R.C. 2907.02(A)(1)(b), R.C. 2907.05(A)(4). Where there is no material detriment to the preparation of a defense, the omission of specific dates and times is without prejudice. Sellards at 172.
 {¶ 10} In addition, the alteration of the bill of particulars did not prejudice appellant's alibi defense. "The filing of an alibi does not alter the rule that in a criminal case the exact date and time of the offense are immaterial unless the nature of the offense is such that exactness of time is essential." Statev. Dingus (1970), 26 Ohio App.2d 131, paragraph five of the syllabus. Regardless, appellant was not materially affected by the amendment as the alibi addressed his whereabouts on July 30 and, as stated, the amendment affected the July 31 charges only. We thus conclude that the trial court did not err in prohibiting the defense from arguing the discrepancy between the original bill and trial testimony.
 {¶ 11} Next, appellant asserts that the trial court erred in finding E.S. competent to testify. Children under the age of ten are rebuttably presumed to be incompetent to testify. R.C.2317.01; Evid.R. 601(A). In determining whether a child under ten is competent to testify, the trial court must consider the child's ability to receive, recall and communicate accurate impressions of fact, understand truth and falsity, and appreciate the responsibility to be truthful. State v. Frazier (1991),61 Ohio St.3d 247, 251. A reviewing court will not disturb the trial court's finding of competency absent an abuse of discretion.State v. Short (July 6, 1992), Butler App. No. CA91-04-066, at 4. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. State v. Adams (1980),62 Ohio St.2d 151, 158.
 {¶ 12} Appellant argues that E.S. was incompetent to testify because she was unable to accurately recall or truthfully communicate basic facts, citing a number of her answers to questions about personal information as "pure fantasy." We note that the trial court is in the best position to determine child witness credibility, having an opportunity to observe the child's appearance, manner of responding to questions, general demeanor, and ability to recount facts accurately and truthfully. Frazier
at 251. A review of the record demonstrates that E.S. exhibited sufficient ability to recall information and understood the difference between telling the truth and telling a lie.[1]
See id. See, also, State v. McNeill, 83 Ohio St.3d 438, 443,1998-Ohio-293 (upholding a trial court's determination that two children were competent to testify even though they were unable to answer every question asked). In addition, E.S. conveyed detailed and consistent testimony of the abuse, including a description of a distinctive "red dot" on appellant's penis. The trial court thus did not abuse its discretion in finding E.S. competent to testify.
 {¶ 13} Finally, appellant asserts that the trial court erred in excluding the testimony of Dr. Joseph Plaud, a clinical psychologist. After performing a psychosexual evaluation of appellant, Dr. Plaud concluded that appellant neither displayed behavior consistent with sexual dysfunction nor exhibited attraction to children or vulnerable adults. The court excluded the evidence on the basis that it had no probative value. Because the trial court is better suited to evaluate the impact that evidence may have on a jury, this court will not reverse the trial court's determination regarding the relevancy or irrelevancy of evidence absent an abuse of discretion. State v.Hancock, 1085 Ohio St.3d 57, 2006-Ohio-160, ¶ 129.
 {¶ 14} Ohio Evidence Rule 702 permits expert testimony where, inter alia, it concerns a matter beyond the knowledge and experience of lay persons. We have previously determined that the facts surrounding an alleged sexual offender's behavior are well within the competence of the jury to ascertain and comprehend.State v. Meredith, Warren App. No. CA2004-06-062,2005-Ohio-2664, ¶ 6-22. Appellant insists that his case is distinguishable from Meredith in that he sought to introduce Plaud's testimony to show that he did not fit the psychological profile of a child molester, whereas the defendant in Meredith
presented expert testimony to explain the defendant's purpose in massaging his daughter. Expert testimony analyzing sexual propensity is improper whether it is introduced to explain the purpose behind an accused's actions or to effectively negate criminal intent. See id. The expert testimony barred by the trial court in this case bears marked similarity to the testimony that this court concluded was properly excluded in the Meredith
case.[2] See id. Finding no significant distinction, we conclude that the trial court did not abuse its discretion in refusing to allow Dr. Plaud's testimony in the present matter.
 {¶ 15} Appellant's first assignment of error is overruled.
 {¶ 16} Assignment of Error No. 2:
 {¶ 17} "APPELLANT WAS DENIED DUE PROCESS OF LAW AND A FAIR TRIAL DUE TO PROSECUTORIAL MISCONDUCT IN (A) ELICITING CONFIRMATION OF AN ENTIRELY UNRELATED COMPLAINT OF ABUSE AGAINST THE SAME CHILD WITNESS COMMITTED BY ANOTHER, AND THEN ARGUING THAT THE CONFIRMATION WAS VALIDATION OF THE CHILD'S HONESTY IN HER COMPLAINT AGAINST APPELLANT, (B) IMPLYING THAT THE DEFENSE HAD A BURDEN TO PROVE THE ABSENCE OF A CRIMINAL RECORD, AND (C) IMPLYING THAT APPELLANT HAD RECEIVED DISABILITY SUPPORT FRAUDULENTLY."
 {¶ 18} In his second assignment of error, appellant argues that the prosecution engaged in misconduct by addressing an unrelated incident of abuse of E.S., suggesting that appellant had to prove that he did not have a criminal record, and implying that appellant fraudulently collected disability support payments.
 {¶ 19} The test for prosecutorial misconduct is whether the remarks at issue were improper and, if so, whether they prejudicially affected substantial rights of the accused. Statev. Newton, 108 Ohio St.3d 13, 2006-Ohio-81, ¶ 92. Accord Statev. Lott (1990), 51 Ohio St.3d 160, 165. However, because appellant failed to object at trial to the alleged errors, these arguments have been forfeited unless we find plain error. Crim.R. 52(B). Plain error exists where there is an obvious deviation from a legal rule which affected the defendant's substantial rights, or influenced the outcome of the proceeding. State v.Barnes, 94 Ohio St.3d 21, 27, 2002-Ohio-68.
 {¶ 20} First, appellant argues that the prosecutor, upon cross-examination of the witness Niegele, improperly elicited confirmation of a Children's Services Bureau investigation that "substantiated" allegations that the witness' daughter sexually abused E.S. Evidence of unrelated incidents of sexual abuse is typically inadmissible. See State v. Guthrie (1993),86 Ohio App.3d 465, 467. In addressing this unrelated issue, however, the prosecutor properly rebutted appellant's implication that E.S. was lying about her allegations in the present matter by referring to her truthfulness in connection with the unrelated abuse after the subject was raised by the defense. "A prosecutor can respond to issues raised by an accused." State v. Awkal,76 Ohio St.3d 324, 336, 1996-Ohio-395. After appellant's counsel "opened the door" to the introduction of this evidence, the prosecution was permitted to cross that threshold. State v.McCuller, Cuyahoga App. No. 86592, 2006-Ohio-302, ¶ 27. We thus find no outcome-determinative deviation in the prosecutor's statements regarding the unrelated incident of abuse.
 {¶ 21} Appellant also faults the state for a number of remarks made in its closing argument. It is well accepted that the prosecution is generally afforded a certain degree of creative latitude in its closing statement. State v. Smith
(1984), 14 Ohio St.3d 13, 13. However, a prosecutor must not express his or her personal opinion as to the credibility of a witness or the guilt of the accused. Id. at 14. The prosecution nonetheless properly addressed appellant's lack of a criminal record. After appellant emphasized the absence of a prior record on his part, the state merely rebutted appellant's implication that the nonexistence of a prior record made him an incapable perpetrator of sexual abuse. See Awkal at 336. Additionally, the prosecution's statements regarding appellant's work schedule and disability support related to its rebuttal of his alibi defense, and were thus acceptable. See id.
 {¶ 22} Because the record discloses no outcome-determinative plain error, appellant's second assignment of error is overruled.
 {¶ 23} Assignment of Error No. 3:
 {¶ 24} "APPELLANT WAS DENIED DUE PROCESS OF LAW AND A FAIR TRIAL DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL FOR (A) FAILURE TO OBJECT TO INADMISSIBLE AND PREJUDICIAL TESTIMONY, (B) FAILURE TO OBJECT TO THE ADMISSION OF PHOTOS WHICH WERE NOT IDENTIFIED BY THE COMPLAINANT (AND FAILURE TO ARGUE SAME), (C) FAILURE TO OBJECT, MOVE FOR A MISTRIAL, OR REQUEST A CONTINUANCE UPON THE STATE'S AMENDMENT OF THE BILL OF PARTICULARS AND THE COURT'S DENIAL OF FAIR COMMENT IN THE DEFENSE CLOSING ARGUMENT, AND (D) FAILURE TO OBJECT TO THE IMPROPER AND PREJUDICIAL COMMENTS IN THE STATE'S CLOSING ARGUMENT."
 {¶ 25} In his third assignment of error, appellant insists that his counsel's performance was deficient based on counsel's failure to object to or otherwise procedurally address numerous alleged errors that occurred during trial.
 {¶ 26} To determine that counsel's performance constitutes ineffective assistance, we must find that counsel's actions fell below an objective standard of reasonableness and that appellant was prejudiced as a result. Strickland v. Washington (1984),466 U.S. 668, 687-88, 693, 104 S.Ct. 2052. Prejudice exists where appellant demonstrates that there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different. Id. at 694. A strong presumption exists that a licensed attorney is competent and that the challenged action is the product of sound trial strategy and falls within the wide range of professional assistance. State v. Bradley (1989),42 Ohio St.3d 136, 143-44, citing Strickland at 689.
 {¶ 27} Appellant contends that defense counsel was ineffective for failing to object to Niegele's testimony elicited by the prosecution regarding the unrelated incident of abuse. We have determined that this confirmation by the witness was properly educed to support the prosecution's rebuttal of an argument previously presented by the defense on the subject. Consequently, appellant cannot claim prejudice in view of our conclusion that there was no error in the elicitation of this testimony.
 {¶ 28} Appellant also maintains that the testimony proffered by the mother of the victim regarding appellant's unwanted sexual advances while she was ill was inadmissible and prejudicial. However, considering the brevity and triviality of these statements, it is highly unlikely that the outcome of the trial would have been different had they been omitted. Appellant thus cannot effectively argue that he was prejudiced by this testimony.
 {¶ 29} Next, appellant purports that his counsel was defective for failing to object to the admission of photographs of his genitalia on the grounds that they were not identified by E.S. The victim named appellant as her abuser, and described a "red dot" on his penis. The photos revealed a mark matching this description. "To properly authenticate photographs, the proponent need only produce testimony from someone with knowledge to state that the photographs represent a fair and accurate depiction of the actual item at the time the picture was taken." State v.Bettis, Butler App. No. CA2004-02-034, 2005-Ohio-2917, ¶ 27. See, also, Evid.R. 901. Although E.S. did not examine the pictures, they were identified at trial by both appellant and the investigating police officer who took them. In light of this adequate authentication, defense counsel was not ineffective for failing to object to the admission of the photographs on the basis that E.S. failed to identify them.
 {¶ 30} Finally, appellant claims to have suffered ineffective assistance as a result of defense counsel's failure to object to the aforementioned remarks in the prosecution's closing argument involving appellant's disability payments and lack of a criminal record. We have determined that these statements did not rise to the level of plain error. As such, failure of defense counsel to object thereto this was neither unreasonable nor prejudicial. Similarly, appellant's contention regarding counsel's failure to procedurally address the amendment of the bill of particulars is without merit due to our conclusion that amendment of the bill was proper and did not prejudice appellant. Accordingly, we find no merit in appellant's claim that the defense counsel's failure to object to these claimed errors constitutes ineffective assistance of counsel.
 {¶ 31} Appellant's third assignment of error is overruled.
 {¶ 32} Judgment affirmed.
Powell, P.J., and Walsh, J., concur.
[1] E.S. knew the name of the city in which she lived, the names of her mother, sister, and her sister's boyfriend, what grade she was in, and the names of her teachers. Although she was unable to state her birthday, she knew her age. She was able to identify that the judge was telling the truth when he said he was wearing a white shirt, and that he would be telling a lie if he were to say he was wearing a black shirt. She also acknowledged that she would get in trouble if she didn't tell the truth.
[2] The defendant in State v. Meredith, Warren App. No. CA2004-06-062, 2005-Ohio-2664, convicted of 13 counts of sexual imposition for contact with his 12-year-old daughter, wished to introduce testimony from the same Dr. Joseph Plaud including a psychological evaluation by which the doctor concluded that defendant had a "normal, healthy sexual attraction to adult females, and not to children or vulnerable adult women." Id. at ¶ 15.