[Cite as *State v. Long*, 2020-Ohio-2678.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-08-078 |
| | : | O P I N I O N |
| - vs - | | 4/27/2020 |
| | : | |
| RONALD G. LONG, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 18CR34790

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for appellee

Brian L. Titgemeyer, 1002 Washington Avenue, Newport, Kentucky, 41071, for appellant

**PIPER, J.**

{¶ 1}   Appellant, Ronald Long, appeals his conviction in the Warren County Court of Common Pleas for gross sexual imposition.

{¶ 2}   Long was indicted for one count of rape of a child under 13 and three counts of gross sexual imposition after allegations arose that Long sexually abused A.H. over an extended period of time.  Long was tried by a jury, who found him guilty of two counts of

gross sexual imposition but acquitted him of the other two charges.

{¶ 3} The trial court sentenced Long to three years on each of the gross sexual imposition convictions, to run consecutively, for an aggregate six-year sentence. Long now appeals his conviction and sentence, raising the following assignments of error, some of which will be combined or addressed out of order for ease of discussion.

{¶ 4} Assignment of Error No. 5:

{¶ 5} THE TRIAL COURT ERRED IN SEATING A JURY THAT DISPLAYED CLEAR BIAS AGAINST A DEFENDANT THAT DID NOT TESTIFY AT TRIAL.

{¶ 6} Long argues in his fifth assignment of error that the trial court erred in failing to seat a fair jury when it denied his motion to strike a juror for cause.

{¶ 7} Disqualification of a juror for cause is a discretionary function of the trial court and not reversable on appeal absent an abuse of discretion. *Berk v. Matthews*, 53 Ohio St. 3d 161 (1990), syllabus. The trial court sees and hears the prospective jurors and is in the best position to evaluate their responses. *State v. Smith*, 80 Ohio St.3d 89, 105 (1997).

{¶ 8} During voir dire, defense counsel asked, "who wants to hear from Mr. Long?" In response, a few potential jurors answered that they wanted to hear Long's testimony in order to get as much information as possible, including both sides of the story. One potential juror, who was ultimately seated as a juror, answered, "I think it would be important for, for him to testify." Defense counsel then asked, "okay. If he didn't testify, would that weigh in your decision?" The juror responded, "possibly."

{¶ 9} Soon after the potential juror's answer, defense counsel moved to strike the potential juror for cause. The trial court denied the motion, and spoke to the potential jurors regarding a defendant's right not to testify.

> The defendant in a case has a constitutional right to not testify. Now, many times that decision is made based on advice of counsel because the attorney may say they have not proven

their case. They've not proved certain elements of the case. So I don't want you to say something that they may think adds to that.

As a matter of law, you cannot consider the fact that a person did not testify. You have to decide the case based on the evidence that's presented. And that's when sometimes attorneys will advise their clients not to testify because you decide based on what's been presented. Not, well, what would it have been had this person testified? They either prove the case or they didn't. And the fact that a defendant or any evidence is presented by the defense is irrelevant. You can consider evidence for sure and it may be helpful, but there may be a decision not to testify.

* * *

You will get an instruction at the end of this case that the defendant - - defendant has a constitutional right not to testify and you cannot consider the fact that the defendant did not testify for any purpose.

So that's the law. You're going to take an oath. If you're on this jury, you're going to take an oath to follow that law. Will you all do that?

At that point, the potential jurors all nodded, and the trial court recognized the potential jurors' agreement to follow the law by stating, "Okay."

{¶ 10} The trial court was in the best position to judge whether the potential jurors answered truthfully when asked whether they would be able to follow the law. The trial court determined that all potential jurors agreed to follow the law that Long's potential decision not to testify could not be used for any purpose in the decision-making process, nor held against Long for any reason.

{¶ 11} After the court spoke to the potential jurors and confirmed their willingness to follow the law, defense counsel asked a few more questions of the potential jurors. The trial court then asked defense counsel, "do you pass for cause?" Defense counsel answered, "Yes, thank you very much, Judge." Thus, Long did not revive his challenge for cause regarding the juror and agreed to proceed with seating a jury.

- 3 -

{¶ 12} Moreover, defense counsel did not use a preemptory challenge to remove the potential juror from being seated. *See State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, ¶ 87 (a defendant cannot complain of prejudicial error in the overruling of a challenge for cause if such ruling does not force an exhaustion of peremptory challenges). Long did not choose to exercise a peremptory challenge on the juror he now complains of, and thus is not able to demonstrate prejudice in having the jury that was seated decide his guilt or innocence.[1] Thus, the trial court did not err in seating the jury, and Long's fifth assignment of error is overruled.

{¶ 13} Assignment of Error No. 1:

{¶ 14} THE DECISION OF THE JURY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE - THE PROSECUTION FAILED TO SATISFY ALL ELEMENTS.[2]

{¶ 15} Assignment of Error No. 2:

{¶ 16} THE DECISION OF THE JURY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE – THE EVIDENCE PRESENTED AGAINST THE APPELLANT LACKED CREDIBILITY AND SUBSTANCE.

{¶ 17} Long argues in his first two assignments of error that his convictions were against the manifest weight of the evidence and were not supported by sufficient evidence.

{¶ 18} Whether the evidence presented is legally sufficient to sustain a verdict is a question of law. *State v. Grinstead*, 194 Ohio App.3d 755, 2011-Ohio-3018, ¶ 10 (12th Dist.). When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State*

---

1. This is especially true where the jury, including the juror Long accuses of being biased against him for not testifying, acquitted Long of the most serious charge of rape and one count of gross sexual imposition.

2. Although labeled as a manifest weight argument, Long's first assignment of error actually challenges the sufficiency of the evidence supporting his convictions.

*v. Intihar*, 12th Dist. Warren No. CA2015-05-046, 2015-Ohio-5507, ¶ 9. The relevant inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶ 19} A manifest weight of the evidence challenge examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Morgan*, 12th Dist. Butler Nos. CA2013-08-146 and CA2013-08-147, 2014-Ohio-2472, ¶ 34.

{¶ 20} Questions regarding witness credibility and weight of the evidence "are primarily matters for the trier of fact to decide since the trier of fact is in the best position to judge the credibility of the witnesses and the weight to be given the evidence." *State v. Walker*, 12th Dist. Butler No. CA2006-04-085, 2007-Ohio-911, ¶ 26. As a result, "the question upon review is whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed." *Grinstead*, 2011-Ohio-3018 at ¶ 11. Therefore, an appellate court will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal. *State v. Blair*, 12th Dist. Butler No. CA2014-01-023, 2015-Ohio-818, ¶ 43.

{¶ 21} Long was convicted of gross sexual imposition in violation of R.C.

2907.05(A)(4), which prohibits sexual contact with another who is less than 13 years old. Sexual contact is "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."  R.C. 2907.01(B).

{¶ 22} In determining whether sexual contact occurred, it is proper to permit the trier of fact to infer from the evidence presented at trial whether the purpose of the defendant was sexual arousal or gratification by his contact.  *In re A.L.*, 12th Dist. Butler No. CA2005-12-520, 2006-Ohio-4329, ¶ 19-20.  "While the purpose of sexual arousal or gratification is an essential element of the offense of gross sexual imposition, there is no requirement that there be direct testimony regarding sexual arousal or gratification."  *State v. Meredith*, 12th Dist. Warren No. CA2004-06-062, 2005 Ohio 2664, ¶ 13.

{¶ 23} Whether the touching or contact was performed for the purpose of sexual arousal or gratification is a question of fact to be inferred from the type, nature, and circumstances of the contact.  *Id.*  "If the trier of fact determines that the defendant was motivated by desires of sexual arousal or gratification, and that the contact occurred, then the trier of fact may conclude that the object of the defendant's motivation was achieved."  *State v. Cobb*, 81 Ohio App.3d 179, 185 (9th Dist.1991).

{¶ 24} After reviewing the record, we find that Long's convictions for gross sexual imposition are supported by sufficient evidence and were not against the manifest weight of the evidence.  The state presented testimony from the victim, A.H., who testified that Long made sexual contact with her for approximately seven years, starting when she was in elementary school and around five years old.

{¶ 25} Specifically, the child testified that Long touched her breasts, vagina, and her buttocks multiple times.  The child described how Long would call her into his bedroom and ask her to cuddle with him.  Long would have the child lay down next to him on the bed and

he would place the covers over them both. Long would then place his hands down the child's pants and massage her buttocks and vaginal area with his hands over her panties. Eventually, Long began touching the child under her panties when he massaged her vagina and buttocks.

{¶ 26} The type, nature, and circumstances surrounding Long's physical contact with A.H. was sufficient to allow the jury to infer that Long's touching of the child was undertaken for the purpose of his sexual arousal or gratification. This is especially true where there was no indication that the touching was for any non-sexual purpose. Long both touched and massaged the child in the secrecy of his bedroom, hidden beneath covers, targeting the child's breasts, vagina, and buttocks. Thus, the jury was able to make a reasonable inference from the evidence presented that Long's touching of the child constituted sexual contact for the purposes of proving gross sexual imposition.

{¶ 27} Long argues that the child's testimony was not enough to convict him because it contained inconsistencies and lacked credibility. The jury was presented with inconsistencies in the child's recollection of events from the comparison of her forensic interviews and a deposition with her trial testimony. While the child's testimony and interviews exhibited some inconsistencies, the jury was in the best position to judge the credibility of her trial testimony and her explanation for the inconsistencies.

{¶ 28} By virtue of its verdict, the jury found portions of the child's testimony lacked credibility regarding the rape and one count of gross sexual imposition, but that the child was credible when she testified about two of the instances of gross sexual imposition. That the jury did not believe parts of the child's testimony does not mean that it could not believe the rest of her testimony regarding the other sexual contact. *See State v. Cope*, 12th Dist. Butler No. CA2009-11-285, 2010-Ohio-6430, ¶ 10 ("the trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and

determine whether the testimony is credible").

{¶ 29} After reviewing the record, we find that Long's convictions were not against the manifest weight and that such were supported by sufficient evidence. As such, Long's first two assignments of error are overruled.

{¶ 30} Assignment of Error No. 4.

{¶ 31} THE TRIAL COURT ERRED IN PERMITTING THE PROSECUTION TO USE THE ANATOMICAL DIAGRAM AS A DEMONSTRATIVE EXHIBIT.

{¶ 32} Long argues in his fourth assignment of error that the trial court erred in permitting the state to use a demonstrative exhibit during trial.

{¶ 33} This court reviews the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *State v. Tucker*, 12th Dist. Butler No. CA2017-12-172, 2019-Ohio-911, ¶ 47. An abuse of discretion is more than an error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Wallace*, 12th Dist. Brown Nos. CA2017-09-011 and CA2017-11-014, 2019-Ohio-442, ¶ 41.

{¶ 34} Demonstrative evidence is admissible only if (1) it is relevant, (2) it is substantially similar to the object or occurrence that it is intended to represent, and (3) it does not consume undue time, confuse the issues, or mislead the jury. *State v. Hause*, 12th Dist. Warren No. CA2008-05-063, 2009-Ohio-548, ¶ 42.

{¶ 35} After reviewing the record, we find the trial court did not abuse its discretion in permitting the state to use a demonstrative exhibit. During the state's direct examination of A.H., the trial court permitted the state to use an anatomical drawing of a child.[3] The state asked A.H. to say what terminology she used when referring to various body parts,

---

3. The trial court permitted the state to use the drawing during A.H.'s testimony, but the drawing did not go to the jury as an exhibit.

and pointed to the drawing to prompt the child to name the body part. The child testified that she called breasts "boobs," the buttocks "butt," and that she called female genitalia "vagina." The child then testified that Long had touched her on the "butt, the vagina, [and] the boobs."

{¶ 36} The state's use of the drawing was meant to aid the child in explaining to the jury what terminology she used when referring to various parts of the body. The drawing was therefore relevant in that it allowed the child to identify body parts and corresponding terminology when describing what parts of her body Long had touched. The chart was also anatomically correct and accurately represented a child's body so that A.H. was able to name the body parts the prosecutor pointed to. Lastly, the use of the drawing did not consume undue time, confuse the issues, or mislead the jury because the state only used the drawing to question the child regarding her terms for various body parts. Thus, the trial court did not abuse its discretion in permitting the state to reference the drawing during A.H.'s direct examination.

{¶ 37} Long also argues that he was prejudiced by the drawing's use because the state did not provide a copy of the drawing to the defense before trial. After defense counsel objected to the use of the drawing, the trial court held a sidebar to address the issue. During the sidebar, defense counsel argued that it had not received a copy of the drawing before trial. The state then offered to have the child draw a picture to use when identifying body parts in lieu of using the drawing. The trial court suggested that the state use the drawing, but that the drawing would not "go back to the jury." Defense counsel stated, "I can use it on my cross exam, it's okay." Long thus abandoned his objection to the use of the drawing, regardless of not receiving a copy of it before trial.

{¶ 38} Long is unable to demonstrate that he was prejudiced because the state did not provide the drawing to the defense before trial. Instead, within his brief, Long referred

to the fact that he was not given the drawing ahead of time as "concerning," rather than showing how its use prejudiced him. As previously stated, the only reason the state used the drawing was because it allowed the child to explain how she referred to body parts. Moreover, the state offered to have the child make her own drawing rather than use the prepared drawing. Long chose not to accept the state's offer and cannot now say that he was prejudiced by the drawing's use.

{¶ 39} After reviewing the record, we find that the trial court did not abuse its discretion in permitting the state to reference the drawing during its direct examination of A.H. Thus, Long's fourth assignment of error is overruled.

{¶ 40} Assignment of Error No. 3:

{¶ 41} THE SENTENCE OF THE TRIAL COURT'S SENTENCE [SIC] WAS OVERLY EXCESSIVE.

{¶ 42} Long argues in his third assignment of error that his sentence was excessive.

{¶ 43} An appellate court reviews an imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; *State v. Crawford,* 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6.

{¶ 44} R.C. 2953.08(G)(2) permits an appellate court to modify or vacate a sentence only if the appellate court finds by clear and convincing evidence (1) that the record does not support the sentencing court's findings or (2) that the sentence is otherwise contrary to law. *State v. Kinsworthy*, 12th Dist. Warren No. CA2013-06-053, 2014-Ohio-1584, ¶ 83. A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly applies postrelease control, and sentences appellant within the permissible statutory range. *State v. Durham*, 12th Dist. Warren No. CA2013-03-023, 2013-Ohio-4764,

¶ 42.

{¶ 45} Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Smith*, 12th Dist. Clermont No. CA2014-07-054, 2015-Ohio-1093, ¶ 7. Specifically, the trial court must find that (1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

After reviewing the record, we find that the trial court properly sentenced Long.

{¶ 46} The sentencing transcript reveals that the trial court considered the statutory requirements before sentencing Long, including R.C. 2929.11 and 2929.12. The trial court also noted its consideration of these statutory requirements in its sentencing entry. During the sentencing hearing, the trial court properly imposed postrelease control and sentenced Long within the statutory guideline for a third-degree felony.

{¶ 47} The trial court also made the required findings regarding consecutive sentences. During the hearing, and as noted in the sentencing entry, the trial court noted

its consideration of required statutory factors, and specifically found that a consecutive sentence was necessary to punish Long, consecutive sentences were not disproportionate to the seriousness of Long's conduct and to the danger he poses to the public, and that the consecutive sentence was necessary to protect the public. Thus, the sentence was not clearly and convincingly contrary to law.

{¶ 48} After reviewing the record, we also find that the trial court's findings are supported by the record. Long's abuse of the child occurred over several years, starting when the child was around five years old. Long took advantage of his close relationship with the child to facilitate the abuse. As a result, the child suffered psychological harm, which was exacerbated by the young age at which the abuse began.

{¶ 49} Because of Long's abuse, the child has exhibited trouble sleeping, participates in weekly therapy sessions, lost trust in others, and stated in her victim impact statement that Long "stole" her childhood away from her. The child further expressed that her suffering the abuse "made it very hard to form bonds or relationships with anyone." That the child suffered psychological harm is patently evident from the record.

{¶ 50} After reviewing the record, we find that the trial court's sentence was not contrary to law and its findings are supported by the record. Therefore, Long's fourth assignment of error is overruled.

{¶ 51} Judgement affirmed.


HENDRICKSON, P.J., and M. POWELL, J., concur.