[Cite as *State v. McQuistan*, 2019-Ohio-3612.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.      18CA0104-M |
|      Appellee | |
|      v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KEIR MCQUISTAN | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
|      Appellant | CASE No.      16CR0075 |

DECISION AND JOURNAL ENTRY

Dated: September 9, 2019

---

CALLAHAN, Presiding Judge.

{¶1} Appellant, Keir McQuistan, appeals an order of the Medina County Court of Common Pleas that denied his petition for postconviction relief. This Court affirms.

I.

{¶2} On February 13, 2016, Mr. McQuistan rear-ended a sedan at the intersection of Greenwich Road and Hubbard Valley Road near Seville, Ohio. The force of the impact pushed the sedan through the intersection, across the oncoming lane of traffic, and into a ditch. Five-year-old B.R. sustained life-threatening injuries as a result of the collision. After Mr. McQuistan waived his right to a jury trial, the trial court found him guilty of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a) and vehicular assault in violation of R.C. 2903.08(A)(2)(b). The trial court merged the counts and sentenced Mr. McQuistan to three years in prison. Mr. McQuistan appealed, and this Court affirmed his convictions. *State v. McQuistan*, 9th Dist. Medina No. 17CA0007-M, 2018-Ohio-539.

{¶3} On March 7, 2018, Mr. McQuistan petitioned the trial court for postconviction relief. In his four claims for relief, Mr. McQuistan argued that trial counsel was ineffective by virtue of failing to investigate potentially exculpatory evidence and by virtue of other alleged errors in preparing for trial. He also argued that he was charged by means of a defective indictment and that he was denied the right to a trial before an impartial jurist. The trial court concluded that his third claim for relief was barred by res judicata and dismissed it on that basis. The trial court concluded that the remaining claims for relief failed to set forth sufficient operative facts to establish substantive grounds for relief and dismissed those claims without a hearing. Mr. McQuistan appealed.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO PROVIDE PETITIONER MR. MCQUISTAN WITH A HEARING ON HIS PETITION TO VACATE.

{¶4} In his first assignment of error, Mr. McQuistan argues that the trial court erred by dismissing his petition without a hearing even though he filed two expert reports in support of the petition. This Court disagrees.

{¶5} Under R.C. 2953.21(A)(1)(a), a convicted criminal defendant may petition the trial court to vacate or set aside a judgment or sentence because it is void or voidable under the Constitution of the United States or the Ohio Constitution. The petitioner may file documentary evidence in support of the petition. *Id.* A petitioner "is not automatically entitled to a hearing." *State v. Calhoun*, 86 Ohio St.3d 279, 282 (1999). In that respect, the trial court has a "gatekeeping" function. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 51. "[A] trial court properly denies a defendant's petition for postconviction relief without holding an

evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *Calhoun* at paragraph two of the syllabus. The trial court's gatekeeping function is not merely a matter of determining whether some evidence supporting the petition has been submitted and considering the credibility of that evidence, although it must do so. *See id.* at paragraph one of the syllabus and 283-285. Instead, the trial court must determine whether that evidence establishes substantive grounds for relief. *Id.* at paragraph two of the syllabus.

{¶6} Mr. McQuistan was not guaranteed a hearing on his petition, even though he filed some documentation that purported to support his claims. R.C. 2953.21(D) permitted the trial court to dismiss Mr. McQuistan's petition without a hearing if, having considered the petition, the record, and any supporting documentation, it determined that he did not set forth sufficient operative facts to establish any substantive grounds for relief. *Calhoun* at paragraph two of the syllabus.

{¶7} Mr. McQuistan's first assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 2

TRIAL COUNSEL FAILED TO PROVIDE EFFECTIVE ASSISTANCE OF COUNSEL TO MR. MCQUISTAN AND SUCH FAILURE PREJUDICED HIM.

### ASSIGNMENT OF ERROR NO. 3

MR. MCQUISTAN HAD A RIGHT TO A FAIR AND IMPARTIAL JURIST AT TRIAL AND SENTENCING.

{¶8} Mr. McQuistan's second and third assignments of error argue that the trial court abused its discretion by dismissing his petition. This Court disagrees.

{¶9} When a trial court exercises its gatekeeping function by determining that the petitioner has not alleged sufficient operative facts that would establish substantive grounds for relief, this Court reviews the trial court's findings of fact to determine whether they are supported by competent, credible evidence, but we review the trial court's ultimate decision for an abuse of discretion. *See State v. Wesson*, 9th Dist. Summit No. 25874, 2012-Ohio-4495, ¶ 11, *rev'd in part on other grounds*, 137 Ohio St.3d 309, 2013-Ohio-4575, citing *Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, at ¶ 52. An abuse of discretion is present when a trial court's decision """"is contrary to law, unreasonable, not supported by evidence, or grossly unsound."""" *State v. A.V.*, 9th Dist. Lorain No. 18CA011315, 2019-Ohio-1037, ¶ 6, quoting *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

{¶10} Mr. McQuistan's petition argued four grounds for relief. His first and second claim for relief—and portions of his fourth—argued that trial counsel was ineffective. Because these claims for relief all argue ineffective assistance of counsel, this Court will address them together. The balance of his second claim for relief argued that he was denied the right to be tried by an impartial jurist. His third claim, which the trial court dismissed as res judicata, is not at issue in this appeal.

{¶11} Courts apply the same standard for assessing ineffective assistance of counsel when considering a petition for postconviction relief as is applied when the issue is raised on direct appeal. *See Gondor* at ¶ 61. Thus, in order to demonstrate ineffective assistance of counsel, a defendant must show (1) deficiency in the performance of counsel "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that the errors made by counsel were "so serious as to deprive the defendant of a fair

trial[.]" *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A defendant must demonstrate prejudice by showing that, but for counsel's errors, there is a reasonable possibility that the outcome of the trial would have been different. *Id*. at 694. "A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other." *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000), citing *Strickland* at 697. In applying this test, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland* at 689.

{¶12} Three of Mr. McQuistan's ineffective assistance arguments related to trial counsel's alleged failure to investigate evidence that, in Mr. McQuistan's estimation, was potentially exculpatory: In his first claim for relief, he asserted that trial counsel failed to investigate and introduce into evidence the crash data obtained from his vehicle. In his fourth claim for relief Mr. McQuistan, asserted that trial counsel failed to investigate whether there were other fact witnesses present at the scene of the accident and whether there were other accidents in the vicinity on the date in question that could be attributed to weather conditions. Each of these arguments relates to the same question at issue at trial: whether Mr. McQuistan caused serious physical harm to B.R. *as the proximate result of driving under the influence of alcohol*. *See* R.C. 2903.08(A)(1)(a).

{¶13} When a defendant challenges the effectiveness of trial counsel based on decisions regarding the scope of investigation in support of the defense, courts presume that the decisions made by counsel amount to sound trial strategy under the circumstances. *Strickland* at 689. Consequently, courts must be mindful that "[i]n any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying

a heavy measure of deference to counsel's judgments." *Strickland* at 691. As the Supreme Court noted in *Strickland*,

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.

*Id*. at 690-691.

{¶14} In support of his first claim for relief, Mr. McQuistan filed an eleven-page document that purported to be crash data obtained from his vehicle. Shortly thereafter, he filed an affidavit by Andrew S. Rich, an accident reconstructionist who interpreted the crash data to determine the speed of Mr. McQuistan's vehicle at impact and the timeframe during which Mr. McQuistan applied the brakes. He also filed an expert report authored by Attorney Joseph C. Patituce regarding whether trial counsel's performance fell below a standard of objective reasonableness. It is important to note, however, that the evidence submitted by Mr. McQuistan does not actually demonstrate that counsel failed to investigate the crash data.[1]

{¶15} With respect to the investigation and introduction of the crash data report, the trial court concluded that trial counsel's decision "was classic trial strategy that cannot and should not be second-guessed[.]" The trial court determined that the crash data demonstrated that Mr. McQuistan did not apply his brakes "until the very last second or two" before impact, noting that only two seconds before the collision, Mr. McQuistan's vehicle was traveling 55 miles per hour. The trial court also noted that trial counsel's defense strategy was to challenge the State's

---

[1] It is unclear from his petition whether Mr. McQuistan maintains that counsel obtained the crash data and chose not to use it or failed to obtain and investigate the crash data in the first instance. In any event, as explained below, the crash data and accompanying expert report that he submitted with his petition do not support his claim for relief.

evidence tending to demonstrate that Mr. McQuistan was driving under the influence of alcohol at the time of the crash and concluded that "[t]he idea that [Mr.] McQuistan may have applied the brakes two seconds prior to impact would not change the evidence that [Mr.] McQuistan was at fault in causing the accident. It also would not change the evidence that [Mr.] McQuistan was under the influence of alcohol and would not change the fact that [Mr.] McQuistan caused serious physical harm to [B.R.]."

{¶16} The trial court's conclusion that neither the crash data report itself nor the corresponding affidavit of Andrew S. Rich set forth sufficient operative facts to establish substantive grounds for relief does not reflect an abuse of discretion. The State's theory of the case at trial was that the observations of first responders and the mechanics of the accident itself demonstrated that Mr. McQuistan was under the influence of alcohol. As the trial court noted, trial counsel's defense strategy was to challenge that theory.

{¶17} To that end, counsel introduced evidence that contradicted the State's witnesses, who testified that the roadway was only partially covered with snow and treated with salt or brine. J.R., for example, testified that after snowfall earlier in the day, the roads had been plowed and salted, and there were no problems with driving conditions before the accident. In contrast, Mr. McQuistan and his wife testified that road conditions were poor and driving was hazardous. J.R. testified that the elevation of Greenwich Road is at its maximum as you leave Seville and, from that vantage point, a driver can see clearly down the rest of the slope to the intersection of Hubbard Valley Road approximately a mile away. On the other hand, Mr. McQuistan testified that there is a second small incline near the bottom of Greenwich Road and that he was surprised to see J.R.'s vehicle stopped at the intersection. He also testified that he

saw the sedan three to five seconds before impact and applied the brakes aggressively, but obtained no traction.

{¶18} The crash data, as the trial court noted, does not support Mr. McQuistan's testimony, nor does it tend to demonstrate that the accident was caused not by his intoxication, but by road conditions and geography. According to Mr. Rich's interpretation of the data, there was no evidence that Mr. McQuistan's vehicle veered from a straight line of travel. The data also indicated that Mr. McQuistan was traveling between 38 to 45 miles per hour at the moment of impact. Mr. Rich explained that the brakes were applied only 1.0-1.2 seconds before impact and that the antilock braking mechanism engaged only .08-.06 seconds before impact.

{¶19} The crash data does not tend to disprove that Mr. McQuistan was under the influence of alcohol, and it could, in fact, support the inference that his delayed reaction time was further evidence of impairment. The trial court did not abuse its discretion by concluding that the decision not to rely on such evidence was an element of trial strategy. As such, the trial court did not err by concluding that Mr. McQuistan's first claim for relief did not set forth alleged sufficient operative facts that would establish substantive grounds for relief and dismissing that claim without a hearing.

{¶20} Portions of Mr. McQuistan's second and fourth claims for relief also allege that trial counsel was ineffective by virtue of failing to investigate the potential testimony of other witnesses at the crash scene and whether video evidence of this crash scene or other crash scenes depicted driving conditions on the date in question. Mr. McQuistan has not identified any such evidence that actually exists, nor has he referenced the testimony that any specific witness might provide in his defense. "Conjecture built upon insufficiently supported speculation does not establish substantive grounds entitling a defendant to postconviction relief." *State v. English*, 9th

Dist. Lorain No. 99CA007408, 2000 WL 254912, *4 (Mar. 8, 2000). *See also State v. Chesrown*, 9th Dist. Summit No. 26336, 2014-Ohio-680, ¶ 11.

{¶21} Portions of Mr. McQuistan's fourth claim for relief argued that trial counsel was ineffective in connection with State's Exhibit 14, a dashboard camera video obtained from one of the officers who responded to the accident scene. The State played portions of the video during its cross-examination of Mr. McQuistan over trial counsel's objection. In his fourth claim for relief, Mr. McQuistan took contradictory positions: that trial counsel should have filed a motion in limine to exclude the video entirely and that trial counsel should have introduced the entire video into evidence. He also argued that trial counsel failed to ensure that the record contained references to the specific portions of the video that were played at trial.

{¶22} In reviewing the fourth claim for relief, the trial court found that the video, as a whole, was harmful to the defense rather than helpful and that trial counsel's decision reflected sound trial strategy. The conclusion that this portion of the fourth claim for relief did not set forth sufficient operative facts demonstrating substantive grounds for relief was not an abuse of discretion. Moreover, this Court notes that State's Exhibit 14 was part of the record on appeal. Mr. McQuistan could have argued ineffective assistance of counsel with respect to this exhibit in his direct appeal, so these aspects of his fourth claim for relief are barred by application of the doctrine of res judicata. *See State v. Spaulding*, 9th Dist. Summit No. 28526, 2018-Ohio-3663, ¶ 10, quoting *State v. Bulls*, 9th Dist. Summit No. 27713, 2015-Ohio-5094, ¶ 9 ("To avoid the preclusive effect of res judicata, post-conviction relief claims must be 'based on evidence outside of the original record that existed during direct appellate proceedings.'").

{¶23} Mr. McQuistan's final allegations of ineffective assistance of counsel were pleaded in his second claim for relief, in which he alleged that trial counsel failed to file a timely

motion for a new trial and failed to file an affidavit of disqualification of the judge who presided over the trial. Both of these assertions are based on Mr. McQuistan's allegation that his trial was tainted because "[t]he trial court ruled on petitioners' post-trial motions and sentenced petitioner after having hired the State of Ohio's trial counsel as a magistrate on her office staff, creating at the very least an appearance of impropriety and bias against petitioner." Mr. McQuistan first raised this allegation in a motion that he filed in the trial court on December 29, 2016. This Court considered the denial of that motion in his direct appeal and concluded that even if considered on its merits, the motion failed to demonstrate that he was entitled to a new trial. *See McQuistan*, 2018-Ohio-539, at ¶ 48. Because this Court previously determined that Mr. McQuistan could not have prevailed on his motion even if it was considered as a timely motion for a new trial, the trial court's conclusion that he has not demonstrated ineffective assistance of counsel was not an abuse of discretion.

{¶24} The trial court also did not abuse its discretion by dismissing Mr. McQuistan's second claim for relief to the extent that he argued trial counsel was ineffective by failing to file an affidavit of disqualification with the Ohio Supreme Court. As this Court noted in Mr. McQuistan's direct appeal, the exclusive remedy for a defendant who alleges that the trial judge should have recused herself is to file an affidavit of disqualification with the Supreme Court, as provided by R.C. 2701.03. *See McQuistan* at ¶ 49. The decision not to file an affidavit of disqualification falls within the ambit of trial tactics. *See State v. Hall*, 2d Dist. Montgomery No. 25858, 2014-Ohio-416, ¶ 8.

{¶25} Mr. McQuistan did not identify any evidence of bias on the part of the trial court. He did not support his allegation that trial counsel erred by failing to file an affidavit of disqualification, nor did he explain how there is a reasonable possibility that the outcome of the

trial would have been different had trial counsel done so. *See Strickland*, 466 U.S. at 694. *See also State v. Quinn*, 6th Dist. Lucas No. L-12-1242, 2014-Ohio-340, ¶ 40 (rejecting an ineffective assistance argument when the appellant failed to demonstrate prejudice resulting from the failure to file an affidavit of disqualification.). In other words, this allegation of ineffective assistance of counsel rested solely on conjecture and speculation, and the trial court did not err by dismissing it. *See English*, 2000 WL 254912, at *4. *See also Chesrown*, 2014-Ohio-680, at ¶ 11.

{¶26} The remainder of Mr. McQuistan's second claim for relief argued that he was denied the right to a fair and impartial jurist. The trial court dismissed this portion of the second claim for relief based on res judicata, noting that "McQuistan * * * asserted this exact argument in his direct appeal and it was also rejected" by this Court. Although Mr. McQuistan did raise this argument in his direct appeal, this Court concluded that it was not properly raised in that context. *See McQuistan* at ¶ 49. Nonetheless, the allegations that Mr. McQuistan made in support of this argument are the same as those made in connection with his argument that counsel was ineffective by failing to file an affidavit of disqualification. This argument also, therefore, is based solely on conjecture and speculation, and the trial court did not abuse its discretion by dismissing McQuistan's second claim for relief. *See English* at *4. *See also Chesrown* at ¶ 11.

{¶27} The trial court did not abuse its discretion by determining that Mr. McQuistan's petition for postconviction relief, along with the supporting documentation and the record, did not set forth sufficient operative facts to establish substantive grounds for relief. *See Calhoun*, 86 Ohio St.3d 279 at paragraph two of the syllabus. His assignments of error are overruled.

III.

{¶28} Mr. McQuistan's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

MICHAEL CALLOW, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.