[Cite as *State v. Steible*, 2023-Ohio-281.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF LORAIN | ) | | |

STATE OF OHIO

    Appellee

    v.

JOSEPH MICHAEL STEIBLE, III

    Appellant

C.A. No.    21CA011787

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    19CR100161

DECISION AND JOURNAL ENTRY

Dated: January 31, 2023

TEODOSIO, Presiding Judge.

{¶1}    Appellant, Joseph Michael Steible III, appeals from his convictions in the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2}    The child victim in this matter ("N.L.") was eleven years old at the time of the 2021 trial, but was only seven years old when the offenses against him occurred. He lived with his father and older brother in Vermilion in 2017, but the boys would sometimes visit their mother's home in Elyria, occasionally napping on her living room couch. Mr. Steible was a family friend of N.L.'s mother and would frequently visit her home, sometimes babysitting for her and sometimes spending the night.

{¶3}    N.L. visited his mother's home with his brother during their 2017 spring break from school. According to N.L., their mother left the house to go somewhere one day and the two boys decided to take an afternoon nap on the couch. At some point, Mr. Steible woke N.L. up and led

him over to a chair. Mr. Steible removed his own pants, sat down in the chair, and offered to let N.L. "play" if he agreed to put Mr. Steible's penis in his mouth. N.L. complied with the illicit request. N.L. told his brother about the incident, but soon suffered from some disruptions in his life, including being taken away from his parents and living in a series of foster homes. When the boys were later reunited with their father, they told him what Mr. Steible had done to N.L. Their father told their mother, and their mother contacted the police.

{¶4} Mr. Steible was initially charged in two separate cases with a multitude of offenses against N.L. and his two other step-siblings who were living with his mother at the time. A jury found him not guilty of several of those offenses, while the trial court dismissed others pursuant to Crim.R. 29. The jury was hung as to the remaining two counts alleging the rape of N.L. and the trial court declared a mistrial as to those counts. Mr. Steible was retried four months later on the two counts of rape, violations of R.C. 2907.02(A)(1)(b) and (A)(2), and a jury found him guilty of both counts. The trial court found him not guilty of the attendant sexually violent predator specifications. The court merged the rape counts for sentencing purposes and then sentenced Mr. Steible to life in prison with parole eligibility after 25 years. The court further classified him as a Tier III sex offender.

{¶5} Mr. Steible now appeals from his convictions and raises two assignments of error for this Court's review.

II.

### ASSIGNMENT OF ERROR ONE

MR. STEIBLE WAS PREJUDICED AND DENIED DUE PROCESS WHEN THE TRIAL COURT DENIED LORAIN COUNTY CHILDREN SERVICES SOCIAL WORKER TO TESTIFY AS TO HER AND HER AGENCY'S DETERMINATION THAT THE ALLEGED VICTIMS' ALLEGATIONS OF SEXUAL ABUSE WERE UNSUBSTANTIATED.

{¶6} In his first assignment of error, Mr. Steible argues that the trial court erred in excluding expert testimony from a social worker regarding Children Services' determination that N.L.'s allegations of sexual assault were unsubstantiated and supported by no evidence.

{¶7} This Court generally reviews a trial court's decision to admit or exclude evidence for an abuse of discretion. *State v. Andrews*, 9th Dist. Summit No. 29260, 2020-Ohio-2703, ¶ 34. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying an abuse of discretion standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). "When the court's ruling is one excluding evidence, a party must proffer the evidence at trial to preserve the issue for appeal." *State v. Smith*, 9th Dist. Wayne No. 15AP0001, 2017-Ohio-359, ¶ 19. *See also* Evid.R. 103(A)(2).

{¶8} Mr. Steible sought to elicit testimony at trial from a social worker regarding Children Services' investigation and final determination that N.L.'s allegations of sexual abuse were "unsubstantiated" in this case, with "no evidence" to support them. The State made an oral motion in limine to exclude such testimony, and, after several discussions between the parties and the trial court, the court declined to permit such testimony. The court determined that the social worker could still testify as a fact witness about her observations and what she did in this case, but she could not opine as to the final determinations that the allegations were "unsubstantiated" and supported by "no evidence." The court explained its concerns that such testimony was "fraught with peril" and would confuse the jury and create a "trial within a trial." The court was concerned that the Children Services' findings that the allegations were "unsubstantiated" and supported by "no evidence" could be confused by the jurors with the State's burden of proof beyond a reasonable

doubt at trial. The court further explained that eliciting testimony that N.L.'s allegations were "unsubstantiated" and supported by "no evidence" would essentially usurp the role of the jury. Upon researching the issue and reviewing the case law submitted by Mr. Steible, the trial court determined that much of the case law surrounding this issue was inapplicable because it dealt with expert testimony, and expert testimony was not being offered at Mr. Steible's trial.

{¶9} Mr. Steible never called the social worker to testify at trial, nor did he proffer her testimony. The defense instead proffered an exhibit, i.e., a signed letter from the social worker, addressed to Mr. Steible, informing him that reports of child abuse and neglect are generally assessed and reviewed by social workers to determine if the allegations are: (1) unsubstantiated (no evidence); (2) indicated (circumstantial or other isolated indicators of child abuse or neglect); or (3) substantiated (confirmed evidence). The letter further states that an assessment has been completed as to allegations against Mr. Steible and "it has been determined that the allegations have been unsubstantiated."

{¶10} Mr. Steible contends that the trial court erred in excluding expert testimony at trial, claiming the Supreme Court of Ohio has addressed "this very issue" in *State v. Boston*, 46 Ohio St.3d 108 (1989). In *Boston*, the Supreme Court held that "[a]n expert may not testify as to the expert's opinion of the veracity of the statements of a child declarant." *Id.* at syllabus. Mr. Steible argues that *Boston* stands for the proposition that expert testimony can be helpful to a jury in a child sexual abuse case and is therefore admissible pursuant to Evid.R. 702 and 704. *See Boston* at 128. As such, he argues that the expert testimony regarding Children Services' final determination that the allegations were "unsubstantiated (no evidence)" is wholly relevant and admissible. *But see* 1980 Staff Notes to Evid.R. 704 ("Although a witness may be qualified to give an opinion concerning a matter upon which opinion evidence may be admissible in and

pertinent to the determination of an issue, as a general rule such an opinion, whether expert or otherwise, may not be admitted when it, in effect, answers the very question as to the existence or non-existence of an ultimate fact to be determined by the jury."). Mr. Steible also directs us to a line of Eighth District cases, including *State v. Smelcer*, 89 Ohio App.3d 115 (8th Dist.1993), and its progeny, in which our sister court stated: "'[A]n expert's opinion testimony on whether there was sexual abuse would aid jurors in making their decision and is, therefore, admissible pursuant to Evid.R. 702 and 704.'" *Id.* at 121, quoting *State v. Cornell*, 8th Dist. Cuyahoga No. 59365, 1991 WL 251667, *6 (Nov. 27, 1991).

{¶11} The problem with Mr. Steible's argument, however, is that it is based on the false premise that the social worker was an *expert* witness expected to testify at his trial. *See, e.g., State v. Johnson*, 7th Dist. Jefferson No. 13 JE 5, 2014-Ohio-1226, ¶ 50. In his merit brief, Mr. Steible consistently refers to the social worker as an expert and provides us with case law dealing with expert testimony. Nevertheless, the record here reveals that defense counsel never sought to identify or offer the social worker as an expert witness in this case, nor was she ever qualified as an expert witness at trial. Though scant references to the expertise of social workers can be found in the transcript, it is clear that Mr. Steible never intended to call the social worker to testify as an expert in this matter. This Court has previously determined that the holding in *Boston* does not apply to witnesses who were never qualified as experts for trial purposes and could not have testified as such. *See State v. Diaz*, 9th Dist. Lorain No. 04CA008573, 2005-Ohio-3108, ¶ 25. Because Mr. Steible argues that the trial court erred in excluding *expert* witness testimony at trial when no expert was identified or qualified, his argument must fail. We cannot conclude that the trial court erred or abused its discretion in excluding expert testimony from a witness who was never qualified as an expert at trial.

**{¶12}** Mr. Steible's first assignment of error is overruled.

## ASSIGNMENT OF ERROR TWO

THE GUILTY VERDICTS ON COUNTS ONE AND TWO[] WERE AGAINST
THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶13}** In his second assignment of error, Mr. Steible argues that his convictions were against the manifest weight of the evidence. We disagree.

**{¶14}** A challenge to the manifest weight of the evidence concerns the State's burden of persuasion. *State v. Klafczynski*, 9th Dist. Medina No. 18CA0084-M, 2020-Ohio-3221, ¶ 7. This Court has stated:

> In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "[W]hen reversing a conviction on the basis that it was against the manifest weight of the evidence, an appellate court sits as a 'thirteenth juror,' and disagrees with the factfinder's resolution of the conflicting testimony." *State v. Tucker*, 9th Dist. Medina No. 06CA0035-M, 2006-Ohio-6914, ¶ 5. This discretionary power "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). *See also Otten* at 340.

**{¶15}** Mr. Steible was convicted of one count of rape under R.C. 2907.02(A)(1)(b), which prohibits "engag[ing] in sexual conduct with another who is not the spouse of the offender" when "[t]he other person is less than thirteen years of age, whether or not the offender knows the age of the other person." "Sexual conduct" includes "fellatio * * * between persons regardless of sex *

* *." R.C. 2907.01(A). He was also convicted of rape under R.C. 2907.02(A)(2), which prohibits "engag[ing] in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." "Force" is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C. 2901.01(A)(1). "The force and violence necessary to commit the crime of rape depends upon the age, size and strength of the parties and their relation to each other." *State v. Eskridge*, 38 Ohio St.3d 56 (1988), paragraph one of the syllabus. Thus, in sex offense cases involving minors and either parents or other adults in positions of authority, "'[f]orce need not be overt and physically brutal, but can be subtle and psychological. As long as it can be shown that the rape victim's will was overcome by fear or duress, the forcible element of rape can be established.'" *State v. Dye*, 82 Ohio St.3d 323, 327 (1998), quoting *Eskridge* at 58-59. Accordingly, "a person in a position of authority over a child under thirteen may be convicted of rape of that child with force * * * without evidence of express threat of harm or evidence of significant physical restraint." *Id.* at 329.

{¶16} Mr. Steible argues under this assignment of error that the State presented "insufficient evidence" at trial "to convict (sic) an average mind of guilt beyond a reasonable doubt[,]" "even in viewing the evidence most favorable to the State[.]" This argument, however, clearly sounds in sufficiency rather than weight. *See State v. Vincente-Colon*, 9th Dist. Lorain No. 09CA009705, 2010-Ohio-6242, ¶ 20 ("[S]ufficiency and manifest weight are two separate, legally distinct arguments."). Because Mr. Steible's stated assignment of error presents this Court with strictly a weight challenge and because that is the only standard of review he sets forth in his brief, we will limit our review to that issue alone. *See State v. Lewis*, 9th Dist. Summit No. 28064, 2017-Ohio-2747, ¶ 14.

{¶17}   Eleven-year-old N.L. testified at the July 2021 trial that, during a 2017 visit with his brother to his mom's house, his mom left the house at some point and the two boys took a nap together on the couch.  According to N.L., Mr. Steible woke him up around twelve or one o'clock, brought him over to a chair, took down his pants, and said, "You can play if you suck my private." N.L. could not recall on the witness stand what Mr. Steible meant by "play," but he clarified that the word "private" was a reference to Mr. Steible's penis.  N.L testified that he opened his mouth and Mr. Steible "put his private in [N.L.'s] mouth."  When gently encouraged to provide more details, N.L. recalled Mr. Steible's penis being "brown" and that it was in his mouth for "a few minutes."  He testified that he was allowed to play afterward, but could not recall exactly what he played.   N.L. first testified that he was "little" when the incident occurred and was either in kindergarten or first grade, but defense counsel helped him realize on cross-examination that he was probably in second or third grade in 2017.  N.L. testified that he told his older brother ("J.L.") what Mr. Steible had done to him, but J.L. did not do anything at first.  Twelve-year-old J.L. also testified at trial that N.L confided in him that Mr. Steible "did something inappropriate to him" and "put his private area in [N.L.'s] mouth."  J.L. recalled telling N.L. to go tell their father.  Very shortly thereafter, the boys spent some time living in various foster homes, but N.L. testified that once the two brothers were reunited with their father they told him what happened between N.L. and Mr. Steible.  The boys' father also testified at trial and confirmed that they informed him of the incident shortly after he regained custody of them.

{¶18}   For some reason, Mr. Steible's brief sometimes cites to the transcript from his *first* trial, which resulted in a hung jury on these two particular counts of rape.  *See* App.R. 16(A)(7). The evidence and testimony presented during that trial, however—while certainly resembling on some level the evidence and testimony presented in Mr. Steible's *second* trial—was not exactly

what was before the jury in this particular matter. We will therefore only address select arguments in Mr. Steible's brief as they relate to evidence and testimony from his *second* trial, wherein he was convicted of the rape of N.L.

{¶19} Mr. Steible argues that N.L. "could recall very little of the incident" and his testimony was therefore not credible. He directs us to select portions of the child's testimony in which he could not remember certain details or simply admitted that he "forgot." For example, N.L. testified that he was napping with his brother on the couch, but also testified that no one else was in the room during the incident with Mr. Steible. Mr. Steible then, without citing to any support from the record, posits that "[t]hese are children that were too old to take naps and common sense would reveal that it would be impossible to get [them] napping at the same time and for [J.L.] not to wake up while this occurred." He also notes that N.L. recalled Mr. Steible telling him he would let him play, but the child "forgot what he meant by play." Mr. Steible then notes the uncertainty in N.L.'s answer to the question of how many times it happened: "I forgot how many times, but he did it, like, once." N.L. also appeared to be confused on the witness stand as to what school grade he was in when the incident occurred, suggesting kindergarten or first grade initially, but then quickly agreeing with defense counsel's suggestion of either the second or third grade.

{¶20} We find no merit in the arguments raised by Mr. Steible under this assignment of error. Many courts have determined that inconsistencies in the statements of children regarding sexual conduct do not render judgments against the manifest weight of the evidence; jurors may simply take note of such inconsistencies and resolve or discount them accordingly. *State v. Williams*, 5th Dist. Stark No. 2021CA00081, 2022-Ohio-2245, ¶ 57-58. *See also State v. Long*, 12th Dist. Warren No. CA2019-08-078, 2020-Ohio-2678, ¶ 27; *State v. Tiggett*, 11th Dist. Trumbull No. 2018-T-0036, 2019-Ohio-1715, ¶ 35; *State v. McCluskey*, 4th Dist. Ross No.

17CA3604, 2018-Ohio-4859, ¶ 33. Although Mr. Steible challenges the credibility of N.L.'s testimony, this Court has repeatedly held that the trier of fact is in the best position to evaluate the credibility of the witnesses and we will not overturn a verdict on a manifest weight challenge simply because the jury chose to believe certain witnesses' testimony. *State v. Byall*, 9th Dist. Wayne No. 18AP0030, 2019-Ohio-3132, ¶ 15 (citing cases). Moreover, we cannot say that the jury was unreasonable in its credibility determinations in this particular case. It is not inconceivable for a young child to not recall every specific detail of a sexual assault that occurred years ago with one hundred percent accuracy. *See State v. Jackson*, 1st Dist. Hamilton No. C-210466, 2022-Ohio-2562, ¶ 76. *See also State v. Stratford*, 8th Dist. Cuyahoga No. 110767, 2022-Ohio-1497, ¶ 28 ("There is no playbook for how a child would react to sexual assault * * *."). Despite any minor inconsistencies in his testimony, N.L. testified under oath that Mr. Steible put his penis in the boy's mouth; he was also able to provide some details and explain the circumstances surrounding the incident. A jury is free to believe all, part, or none of the testimony of each witness, *see Prince v. Jordan*, 9th Dist. Lorain No. 04CA008423, 2004-Ohio-7184, ¶ 35, and in this case the jury chose to believe N.L. Finally, this is not the exceptional case in which the evidence weighs heavily against the conviction. *See Thompkins* at 387; *Otten* at 340.

**{¶21}** Mr. Steible's second assignment of error is overruled.

III.

**{¶22}** Mr. Steible's first and second assignments of error are both overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
CALLAHAN, J.
CONCUR SEPARATELY.

CALLAHAN, J.
CONCURRING.

I concur in the judgment reached by the majority and in the majority opinion's resolution of the first assignment of error. I also concur in the majority's resolution of the second assignment of error to the extent that it concludes that Mr. Steible's convictions are not against the manifest weight of the evidence. I write separately because, given the circumstances in this case, I believe that although Mr. Steible's sufficiency argument is minimal, this Court should exercise its discretion to address it. *See*, *e.g.*, *State v. Myers*, 9th Dist. Wayne No. 21AP0027, 2022-Ohio-991, ¶ 6. I would conclude that Mr. Steible's convictions are supported by sufficient evidence and are not against the manifest weight of the evidence, and I would overrule his second assignment of error on that basis.

CARR, J., concurs in concurring opinion.

APPEARANCES:

DENISE G. WILMS, Attorney at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.