[Cite as *State v. Peterson*, 2024-Ohio-2435.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

ISAAC PETERSON

    Appellant

C.A. No.    30817

APPEAL FROM JUDGMENT
ENTERED IN THE
STOW MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    2022-TRD-08095

DECISION AND JOURNAL ENTRY

Dated: June 26, 2024

FLAGG LANZINGER, Judge.

{¶1}    Defendant-Appellant, Isaac Peterson, appeals from his conviction for failure to stop after an accident in the Stow Municipal Court. This Court affirms.

I.

{¶2}    On November 18, 2022, Peterson was involved in a motor vehicle accident. On November 30, 2022, Stow Police Officer Haddix cited Peterson for failure to stop after an accident, a misdemeanor of the first degree, in violation of Stow Codified Ordinance 335.12 and with marked lanes of travel violation, a minor misdemeanor, in violation of Stow Codified Ordinance 331.08(a).

{¶3}    Peterson pleaded not guilty and the matter proceeded through the pre-trial process. Prior to the trial, the trial judge disclosed to the parties that during her employment with the prosecutor's office "well over 20 years" ago, she had worked with the victim's wife. The trial judge stated, "I don't maintain a relationship with her, and I don't know her." After the trial judge's

disclosure, Peterson's trial counsel made a motion for the judge to recuse herself. The trial court denied Peterson's motion.

{¶4} The matter proceeded to a jury trial where the following evidence was adduced.

{¶5} At trial, the State presented testimony from the victim and the responding officer. The victim, D.W., testified that on November 18, 2022, he was driving south on Route 8 during snowy weather. D.W testified that another vehicle struck his vehicle, causing him to crash into a guardrail. D.W. called the police moments after the collision. D.W. testified that after "[m]aybe two [or] three minutes" the vehicle that hit him drove away. D.W. did not interact with the driver of the vehicle that struck him.

{¶6} Officer Haddix testified that he responded to the scene of the accident. He testified that when he arrived at the scene, the weather was very snowy and there were multiple accidents in the area. He further testified that there were two accidents, with a car on the left and right side of the highway, "about 100 yards" from each other north of the Steels Corners exit on Route 8 southbound. Officer Haddix testified that he initially thought the two vehicles were involved in an accident with each other, but D.W. informed him that the vehicle that struck him drove away. Both D.W. and Officer Haddix testified that D.W. provided a description of the vehicle that had hit him, including describing its license plate as "cockeyed[.]"

{¶7} Officer Haddix testified that approximately three hours after the accident, while on patrol, he found a "dark-colored SUV" in a hotel parking lot, parked "not within the [parking] space." The SUV was just off the highway and "parked near the scene of the accident." Officer Haddix testified that the SUV matched D.W.'s description, including the "cockeyed" license plate. The SUV had damage on its passenger side, including a hanging bumper and hanging headlights. Officer Haddix testified that there was "red paint transfer on the passenger side" of the SUV that

matched the paint of D.W.'s vehicle. Officer Haddix had the SUV towed as part of his investigation of the accident. Officer Haddix testified that when he inventoried the SUV, he found its registration. The vehicle was registered to Thr33 Jayyys, LLC, a company owned by Peterson.

{¶8}  Peterson testified on his own behalf at trial.  Peterson testified that he was driving to his client's house, south on Routh 8, when the vehicle in front of him lost control and began to spin. Peterson stated that after his vehicle was struck by another vehicle at least once, he struck D.W.'s vehicle. He further testified that the accident caused him to hit his head and knocked him out of the driver's seat. He testified that he was concerned about oncoming traffic and remembered "working on getting off the freeway * * *" by driving to the nearest exit and exiting the highway. Peterson stated, "that's pretty much what I remember of the incident[,]" and testified that he had difficulty remembering the details of the incident. Peterson further testified that he later "c[a]me to" and found himself at the home of his client's family member. Peterson stated that when he learned he was in an accident, he contacted several police departments in the area to report his involvement in an accident.

{¶9}  Both Officer Haddix and Peterson testified that the day of the accident Peterson contacted the Stow Police Department. Both Officer Haddix and Peterson testified that once Officer Haddix returned to duty, he spoke with Peterson who had called the Stow Police Department multiple times. Officer Haddix testified that after he had completed his accident investigation, he cited Peterson for failure to stop after an accident and with marked lanes of travel.

{¶10}  After hearing the evidence, the jury found Peterson guilty of failure to stop after an accident. The trial court found Peterson not guilty of the marked lanes violation. The trial court sentenced Peterson to 180 days in jail, all suspended, and a $1,000 fine, $850 suspended. The trial

court ordered Peterson to pay $500 restitution and suspended Peterson's license for 12 months. Peterson now appeals raising two assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

**THE APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO REQUEST A CONTINUANCE FOLLOWING THE TRIAL JUDGE'S DECISION DENYING THE DEFENDANT'S MOTION TO RECUSE SO THAT DEFENDANT COULD FILE AN AFFIDAVIT OF DISQUALIFICATION WITH THE OHIO SUPREME COURT PURSUANT TO R.C. §2701.031[.]**

{¶11} In his first assignment of error, Peterson argues that he received ineffective assistance of counsel because his attorney did not request a continuance so that Peterson could file an affidavit of disqualification. For the following reasons, we reject his argument.

{¶12} "[I]n Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 62. To prevail on a claim of ineffective assistance of counsel, Peterson must establish: (1) that his counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[;]" and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A deficient performance is one that falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. To establish prejudice, Peterson must show that there existed a reasonable probability that, but for his counsel's errors, the outcome of the proceeding would have been different. *State v. Sowell*, 148 Ohio St.3d 554, 2016-Ohio-8025, ¶ 138. "This Court need not address both prongs of *Strickland* if an appellant fails to prove either prong." *State v. Carter*, 9th Dist. Summit No. 27717, 2017-Ohio-8847, ¶ 27.

{¶13} R.C. 2701.031 governs disqualification of municipal court judges. It provides that a party may file an affidavit of disqualification with the clerk of the supreme court:

> [i]f a judge of a municipal or county court allegedly is interested in a proceeding pending before the judge, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the judge or to a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the judge * * *.

{¶14} Peterson acknowledges that this Court has determined that trial counsel does not render a deficient performance by not filing an affidavit of disqualification because "[t]he decision not to file an affidavit of disqualification falls within the ambit of trial tactics." *State v. McQuistan*, 9th Dist. Medina No. 18CA0104-M, 2019-Ohio-3612, ¶ 24. Peterson asserts that this case is distinguishable from this Court's prior holdings because Peterson's trial counsel had little time to react to the trial judge's disclosure. Peterson asserts his trial counsel should have sought a continuance to appropriately respond to the trial judge's disclosure. Peterson further asserts the failure to seek a continuance was ineffective assistance of counsel.

{¶15} The record does not reflect that Peterson's counsel acted deficiently by not filing an affidavit of disqualification under R.C. 2701.031. "If counsel could reasonably conclude that obtaining disqualification was unlikely, his performance cannot be deemed deficient." *Solon v. Depew*, 8th Dist. Cuyahoga No. 111463, 2023-Ohio-304, ¶ 36, citing *State v. Aldrich*, 11th Dist. Ashtabula No. 2017-A-0033, 2017-Ohio-8944, ¶ 18. Here, Peterson's trial counsel heard the trial judge's description of her acquaintance with the victim's wife. The trial judge stated, "I haven't seen her in absolutely - - probably close to 20 years." The trial judge stated, "I don't maintain a relationship with her, and I don't know her." Additionally, the trial judge stated, "it will not affect what I'm doing because I haven't even seen this lady in many, many, many, years * * *[.]" Given these circumstances, Peterson's trial counsel may have reasonably determined that obtaining

disqualification of the trial judge under R.C. 2701.031 was "unlikely[.]" *Solon* at ¶ 36. Under these circumstances, Peterson's trial counsel's failure to file an affidavit of disqualification falls within the wide range of reasonable professional assistance.

{¶16} Moreover, Peterson does not argue that the outcome of the trial would have been different if the trial judge had been disqualified and another judge had presided over the trial. In his appellate brief, "[Peterson] did not identify any evidence of bias on the part of the trial court. He did not support his allegation that trial counsel erred by failing to file an affidavit of disqualification, nor did he explain how there is a reasonable possibility that the outcome of the trial would have been different had trial counsel done so." *McQuistan*, 2019-Ohio-3612, at ¶ 25, citing *Strickland*, 466 U.S. at 694.

{¶17} Peterson was charged with failure to stop after an accident. The State was required to prove: (1) there was an accident or collision involving Peterson's vehicle, (2) that Peterson was operating his vehicle at the time of the accident or collision, (3) that Peterson had knowledge of the accident or collision, and (4) that Peterson left the scene without giving the required information to the operator of the damaged vehicle or police officers at the scene. Stow Codified Ordinance 335.12. The jury heard testimony from Peterson himself that he was involved in an accident, and that he chose to leave the scene for his safety. The State presented evidence that (1) an accident occurred; (2) Peterson's vehicle was badly damaged; (3) Peterson was driving the vehicle; (4) when police arrived at the scene of the accident, Peterson had left the scene without giving the victim the information required by Stow Codified Ordinance 335.12. Based on these facts and circumstances, we cannot conclude that there is a reasonable probability that, but for defense counsel's failure to request a continuance to file an affidavit of disqualification, the jury would not have convicted Peterson. Upon review, Peterson has not met his burden of establishing

ineffective assistance of counsel. *See Strickland*, 466 U.S. at 687. His first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**THE APPELLANT'S CONVICTION FOR HIT SKIP WAS BASED UPON INSUFFICIENT EVIDENCE AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

{¶18} Peterson argues in his second assignment of error that his conviction is against both the sufficiency and manifest weight of the evidence. In presenting his arguments, Peterson has not separately argued sufficiency and manifest weight. This Court has recently stated:

> "[S]ufficiency and manifest weight are separate and distinct questions, and this Court has repeatedly noted that it is not appropriate to combine sufficiency and manifest weight arguments within a single discussion." *State v. Zappa*, 9th Dist. Wayne No. 20AP0025, 2022-Ohio-243, ¶ 6, citing *State v. Seibert*, 9th Dist. Wayne Nos. 20AP0013, 2012Ohio-3069, 2021 WL 4059410, ¶ 13, quoting *State v. Vincente-Colon*, 9th Dist. Lorain No. 09CA009705, 2010-Ohio-6242, 2010 WL 5276993, ¶ 18, and *State v. Mukha*, 9th Dist. Wayne No. 18AP0019, 2018-Ohio-4918, 2018 WL 6493282, ¶ 11. *See also* App.R. 12(A)(2) ("The court may disregard an assignment of error presented for review if the party raising it fails to * * * argue the assignment separately in the brief[.]"); Loc.R. 16(A)(7) ("Each assignment of error shall be separately discussed * * * ."). "Moreover, 'these concepts differ both qualitatively and quantitatively.'" *Zappa* at ¶ 6, quoting *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 25.

(Alterations sic.) *State v. Mingo*, 9th Dist. Summit No. 30588, 2024-Ohio-543, ¶ 28. "To aid the administration of justice, however, we choose to exercise our discretion and will separately consider [Peterson's] combined arguments." *Id.*

**Sufficiency of the Evidence**

{¶19} Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In carrying out this review, our "function * * * is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a

reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id*.

{¶20} A jury found Peterson guilty of failure to stop after an accident in violation of Stow Codified Ordinance 335.12. Stow Codified Ordinance 335.12 reads in relevant part:

> (a) (1) In the case of a motor vehicle accident or collision with persons or property on a public road or highway, the operator of the motor vehicle, having knowledge of the accident or collision, immediately shall stop the operator's motor vehicle at the scene of the accident or collision. The operator shall remain at the scene of the accident or collision until the operator has given the operator's name and address and, if the operator is not the owner, the name and address of the owner of that motor vehicle, together with the registered number of that motor vehicle, to all of the following:
>
> > A. Any person injured in the accident or collision;
> >
> > B. The operator, occupant, owner or attendant of any motor vehicle damaged in the accident or collision;
> >
> > C. The police officer at the scene of the accident or collision.

Here, the State had the burden to prove; (1) there was an accident or collision involving Peterson's vehicle, (2) that Peterson was operating his vehicle at the time of the accident or collision, (3) that Peterson had knowledge of the accident or collision, and (4) that Peterson left the scene without giving the required information to the operator of the damaged vehicle or police officers at the scene. Stow Codified Ordinance 335.12. Circumstantial evidence is sufficient to prove the person driving a motor vehicle had knowledge of an accident or collision. *State v. Dixon*, 9th Dist. Lorain No. 3915, 1986 WL 4358, *2 (Apr. 9, 1986). Peterson asserts that the State failed to present sufficient evidence that he had knowledge of the accident when he left the scene.

{¶21} At trial, D.W. testified that he was involved in an accident. Officer Haddix testified that Peterson's vehicle sustained extensive damage. Officer Haddix testified that he eventually

contacted Peterson, who admitted he was operating the vehicle at the time of the accident. D.W. testified that the operator of the vehicle that hit him left the scene of the accident without giving him the information required by Stow Codified Ordinance 335.12. Officer Haddix testified regarding the damage sustained to Peterson's SUV.

{¶22} Additionally, Peterson testified that he remembered "a white car fishtailing in front of [him]." He testified that the cars were "Cinderella dancing." Peterson testified that his glasses were broken during the accident and he was bleeding from his eyebrow. Peterson also testified that after the accident, he remembered "working on getting off the freeway and finding somewhere safe to park * * *." Peterson testified that, "I was on that freeway when David Fahey was in that accident in Cleveland. So from there, ever since that happened, I told myself I didn't care whether the state troop[er] got behind me or whatever, I'm hitting my hazardous lights and I'm going to take the closest exit so that we can all be safe."

{¶23} Viewing the evidence in the light most favorable to the State, there is sufficient evidence in the record to prove Peterson was aware he was involved in an accident. Peterson admitted he knew he was involved in an accident while testifying. *See State v. Harris*, 2d Dist. Montgomery No. 29379, 2023-Ohio-648, ¶ 33 ("Evidence supporting the sufficiency of the evidence may be introduced during the defense's case-in-chief."). Peterson further admitted that after he was in an accident, he remembered "getting off the freeway and finding somewhere safe to park * * *." Even excluding Peterson's testimony, the State provided circumstantial evidence that Peterson's SUV was damaged. The jury could reasonably infer that Peterson knew about the accident at the time of the accident because of the damage to his SUV. *See Dixon*, 1986 WL 4358, at *2.

{¶24} Based on our review of the record, this Court concludes that there is sufficient evidence upon which a jury could reasonably conclude that all the elements of failure to stop after an accident, including Peterson's knowledge of an accident, were established beyond a reasonable doubt. Peterson's sufficiency of the evidence argument, as asserted in his second assignment of error, is overruled.

**Manifest Weight of the Evidence**

{¶25} When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction." *State v. Croghan*, 9th Dist. Summit No. 29290, 2019-Ohio-3970, ¶ 26. This Court "will not overturn a conviction as being against the manifest weight of the evidence simply because the trier of fact chose to believe the State's version of events over another version." *State v. Warren*, 9th Dist. Summit No. 29455, 2020-Ohio-6990, ¶ 25, quoting *State v. Tolliver*, 9th Dist. Lorain No. 16CA010986, 2017-Ohio-4214, ¶ 15. Peterson asserts that the manifest weight of the evidence does not support his conviction because the State failed to prove he had knowledge of the accident when he left the scene.

{¶26} Having reviewed the record, we cannot conclude that this is the exceptional case where the evidence weighs heavily against Peterson's convictions. *See Croghan* at ¶ 26. The jury heard testimony from Peterson himself that he was involved in an accident, and that he chose to leave the scene for his safety. Peterson testified that he was injured. While Peterson testified that

he "c[a]me to" later in the day and did not know he was involved in an accident at the time of the accident, the jury was in the best position to judge the credibility of Peterson's claim that he was not aware he was involved in an accident when he left the scene. *See State v. Steible*, 9th Dist. Lorain No. 21CA011787, 2023-Ohio-281, ¶ 20. Additionally, the State presented circumstantial evidence that Peterson's vehicle was damaged. The jury could reasonably infer that Peterson knew he was in an accident at the time of the accident because his vehicle was damaged and he was injured. *See Dixon*, 1986 WL 4358, at *2. "This Court will not overturn a verdict on a manifest weight challenge simply because the jury chose to believe the State's version of the events." *State v. Harris*, 9th Dist. Medina No. 23CA0012-M, 2024-Ohio-196, ¶ 19. Peterson has not shown this is an exceptional case where the evidence weighs heavily against his convictions. *See Otten*, 33 Ohio App.3d at 340.

{¶27} Peterson's second assignment of error is overruled.

III.

{¶28} Peterson's assignments of error are overruled. The judgment of the Stow Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JILL FLAGG LANZINGER
FOR THE COURT

STEVENSON, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

JOHN CHAPMAN, Attorney at Law, for Appellant.

DREW C. REILLY, Law Director, and STEVEN M. HOOTEN, Deputy Law Director, for Appellee.